## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| Thor Larson, | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| BQ & Associates, P.C., L.L.O., and | ) | |
| Borsheim Jewelry Company, Inc., | ) | |
| A/k/a Borsheim's Fine Jewelry and Gifts, | ) | |
| A fictitious name, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff Thor Larson,  by and through his attorneys,

Matthew P. Saathoff, of The Saathoff Law Group, and  Pamela A. Car and William

L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O., and alleges and states that this is

an action brought by an  individual consumer for the Defendant BQ & Associates,

P.C., L.L.O.'s violations of the Fair Debt Collection Practices Act, (hereinafter

referred to as the "FDCPA") 15 U.S.C. § 1692 *et seq*. and for both defendants

violations of the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59-1601 *et*

*seq*. (hereinafter referred to as the "NCPA")  for use of a fictitious name and for

making misrepresentations in connection with the collection of an alleged debt. In

support of his claims, Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. §

1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claim on which this suit is based happened in this Judicial District.

3. Plaintiff is a resident of Omaha, Nebraska.

4. Defendant BQ & Associates, P.C., L.L.O., is a debt collector engaged in collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and  is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

5. That Defendant Borsheim Jewelry Company, Inc.  is a Nebraska corporation using the fictitious name, Borsheim's Jewelry and Fine Gifts, to collect consumer accounts in the state of Nebraska. This fictitious name is also used by Defendant "BQ" when filing collection lawsuits.

6. Defendants are all entities or individuals who contributed to, or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the other named Defendants to commit the acts complained of which caused injuries to the Plaintiff. Each Defendant acted as principal and agent of the other and combined and concurred with each other in committing the acts complained of herein.

7.     At all times relevant hereto,  Defendants were  the agent and representative of the other, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendant.

## FACTUAL BACKGROUND

8. At all times relevant hereto, Defendants were attempting to collect an alleged defaulted Borsheim's account from Mr. Larson for personal, family, or household purposes.

9.  Defendants sued Thor Larson in the County Court of Douglas County, NE at case no. CI22-289 in a lawsuit entitled, *Borsheim's Fine Jewelry & Gifts v. Thor Larson*, on or about January 6, 2022. Attached hereto as Exhibit "A" is a true and correct copy of said county court complaint.

10.   The name Borsheim's Fine Jewelry & Gifts is a fictitious name and not a registered trade name with the Nebraska Secretary of State.

11. After county court lawsuit was filed, attorney Matt Saathoff filed an answer on or about February 10, 2022 and served a copy of said answer by regular mail to BQ. Attached as Exhibit "B" is a true and correct copy of the Answer.

12. Despite being on actual notice that Thor Larson was represented by counsel in the county court collection case, on or about February 22, 2022, BQ

served discovery requests in the county court collection case directly upon Mr.

Larson. B & Q filed a notice of servicing on February 21, 2022. Attached as

Exhibit "C' and incorporated herein by this reference is a copy of BQ's Notice of

serving discovery.  As a result,  Mr. Lawson suffered distress and incurred

additional attorney fees in the underlying case by virtue of discovery being sent

directly to Thor Lawson after an answer was filed by his attorney.

13. BQ's notice of discovery incorrectly served on Mr. Larson advises:

"Written responses must be returned by Defendant(s) **to the registered agent(s)**

**within 30 days of the services hereof,** or the facts, the truth of which is requested,

shall be deemed admitted." (emphasis added)

14.  The language requiring the answers to be sent to "to the registered

agent(s) within 30 days of the services hereof" is confusing and misleading. The

registered agent is not identified and it is unclear what services BQ is referring to.

Moreover, Nebraska Discovery Rules has no such requirement. Neb. Ct R Disc.

§6-336 requires that the answers be served "upon the party requesting the

admission."

15. BQ also represented and promised it would dismiss the lawsuit and then

did not do so.

16.    Defendant BQ did not conduct a professional review of Mr. Lawson's file before filing and serving Exhibits A & C, as well as during the course of the collection proceedings.

## FAIR DEBT COLLECTION PRACTICES ACT
(As to BQ & Assoc. only)

COMES NOW the Plaintiff and for his Cause of Action against the Defendant BQ, states and allege as follows:

17.  That the Plaintiff Thor Larson is a natural person and "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692(a)(3).

18. Defendant BQ is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such, is a  "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

19. At all times relevant hereto, the Defendant BQ was attempting to collect a purported Borsheim account, alleged in default used for personal, family or household purposes against Thor Larson.

20. While attempting to collect the alleged debt, Defendant BQ:

a) Made false or misleading statements in connection with the attempted collection of said debt, in violation of 15 U.S.C. §1692e;

b) used false and misleading representations or deceptive means to collect or attempt to collect the Borsheim account in violation of 15 U.S.C. §1692e, and §1692e(10);

c) threatened to take actions and took actions that cannot be legally taken in violation of 15 U.S.C. §1692e(5) ;

d) used a business, company, or organization name other than the true name of the debt collector's business, company or organization in violation of 15 U.S.C. §1692e (10); and

e) BQ violated §1692c(2) by communicating directly with Mr. Larson when BQ knows or is on notice is represented by an attorney with respect to such debt, or can readily ascertain such attorney's name and address.

21.   As a direct and proximate result, Plaintiff suffered damages, including inconvenience emotional distress and the costs of having to hire a lawyer to defend the county court lawsuit.

22.  Mr. Larson was confused by these material violations of the FDCPA, which establishes Plaintiff's standing to bring this case. *Tourgeman v. Collins Fin. Serves., Inc.*, 755 F.3d 1109 (9th Cir. 2014).

23. Defendant's actions created a sufficient risk of harm as contemplated by the FDCPA, and constitute a concrete injury in-fact as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

WHEREFORE, Plaintiff prays for a judgment against Defendant BQ for statutory damages, general damages, actual damages and statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

### CAUSE OF ACTION NO. 2
### NEBRASKA CONSUMER PROTECTION ACT
### (as to both defendants)

Plaintiff repeats and incorporates the foregoing allegations above as if fully set forth herein.

24. Defendants' actions constitute violations of the Nebraska Consumer Protection Act, (NCPA) Neb. Rev. Stat. § 59-1609 *et seq.* and entitle Plaintiff to statutory and actual damages, injunctive relief, attorney's fees and costs.

25. Bringing this case is in the public interest to stop debt collectors and Nebraska businesses from using deceptive means in attempting to collect debts, to decrease the risk and putting consumers in positions where they are unable to make informed decisions on how to  respond to communications from debt collectors. See *Tourgeman,* 755 F.3d at 1121.

26. It is also in the public interest "by ensuring that consumers are fully and truthfully apprised of the facts and of their rights, the FDCPA enables them `to understand, make informed decisions about, and participate fully and meaningfully

in the debt collection process.'" *Clark v. Capital Credit & Collection Serv.,*

*Inc.,* 460 F.3d 1162, 1171 (9th Cir. 2006).

      WHEREFORE, Plaintiff requests that a judgment be entered in his favor

against Defendants as follows:

   A. Awarding statutory damages pursuant to Neb. Rev. Stat. § 59-1609;
   B. Awarding actual damages to the Plaintiff;
   C. Awarding costs and reasonable attorney fees pursuant to Neb. Rev. Stat. § 59-1609 *et seq*.; and
   D. Enter such additional relief as the Court may find to be just and proper.

Dated: November 8, 2022

             Thor Larson, Plaintiff,

             By: */s/ Matthew P. Saathoff*
            The Saathoff Law Group, P.C. L.L.O.
            440 Regency Parkway Drive Ste. #132
            Omaha, NE   68114
            (402) 333-8488
            (402) 333-8020- fax
           And
           By: */s/ Pamela A. Car*
             Pamela A. Car, #18770
             William L. Reinbrecht, #20138
             Car & Reinbrecht, P.C., L.L.O.
             2120 South 72nd St., Suite 1125
             Omaha, NE 68124
             (402) 391-8484 Telephone
             E-mail: pacar@cox.net
             Attorneys for the Plaintiff

### JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable in Omaha, Nebraska.

By: */s/Pamela A. Car*